## WILLIAM L. SOUTHARD *vs.* JOSIAH D. STURTEVANT.

In an action to recover money lent to the defendant, who receipted for it in his individual name, he contended that it was lent to him as agent for a third person. At the trial, after instructing the jury, by the defendant's request, that the receipt was not conclusive of his individual liability, and the burden was on the plaintiff to prove it, the judge further instructed them that the defendant was not liable if he was known by the plaintiff to be an agent and the plaintiff dealt with him as such, and that on the question whether he acted as agent or as principal they were to consider what took place at the time of the negotiation, and also the prior dealings of the parties, and all evidence in the case bearing on this issue. *Held,* that the instructions were not open to exception on the ground that they permitted the jury to return a verdict for the plaintiff even although they might find that the defendant acted as agent in the transaction and was known by him to be acting so.

MORTON, J. This is an action of contract, to recover money borrowed by the defendant of the plaintiff, and a verdict has been returned in the plaintiff's favor. The plaintiff put in evidence at the trial three receipts signed by the defendant individually. The defence was, that, in borrowing the money named in the receipts, the defendant acted as the agent and in behalf of the Boston, Hartford and Erie Railroad Company, and was not personally liable. The presiding judge in the superior court instructed the jury, as requested by the defendant, that the receipts were not conclusive as to the liability of the defendant, and that the burden of proof was on the plaintiff to show that the defendant

was personally responsible. He also instructed them " that, if it appears that the defendant was an agent, and his agency known to the plaintiff, and that he dealt with him as agent, then the defendant is not liable ; that on the question whether the defendant acted as agent of the Boston, Hartford and Erie Railroad Company, or as principal, the jury would consider what took place at the time of the negotiation, also the prior dealings of the parties, and all evidence in the case bearing on this issue."

The defendant contends that, under these instructions, the jury may have found a verdict for the plaintiff, although the defendant in the transaction in question acted as agent, and was known by the plaintiff to be so acting. If the instructions were fairly open to such a construction, they would be erroneous. But we think the jury could not have so understood them. It was not enough for the defendant, in order to rebut the *primâ facie* case made against him by the receipts, to show that he was in fact a general agent of the railroad company, and known to be such by the plaintiff. The true issue for the jury was, whether in the transactions in question he acted as agent or as a principal. The last clause of the instructions above cited points directly to this as the issue on which the jury were to pass. We think that the instructions, taken as a whole, fairly presented this issue to the jury, and that the defendant has no ground of exception. They covered his requests for instructions, so far as they were applicable and called for in the case. *Exceptions overruled.*

*G. S. Frost & G. E. Otis,* for the defendant.

*J. S. Abbott & E. P. Brown,* for the plaintiff.